UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Amanda Humble**<br>**Plaintiff,**<br><br>v.<br><br><br><br>**The Barberino Brothers, Inc.**<br>**Defendant.** | :  **COMPLAINT -**<br>:  **JURY DEMAND**<br>:<br>:<br>:<br>:<br>:<br>:  **FEBRUARY 17, 2009** |

## I. INTRODUCTION

1.  This is a suit brought by a consumer residing in Connecticut regarding the purchase and sale of a motor vehicle. Plaintiff brings this action to recover actual, statutory, and punitive damages, reasonable attorney's fees, and costs from the defendant, The Barberino Brothers, Inc. ("Barberino"), for engaging in a "yo-yo" sale of a motor vehicle, also known as a spot delivery. The illegal, unfair and deceptive actions engaged in consisted of offering financing with Barberino acting as the creditor with no valid condition subsequent or precedent regarding Barberino being able to assign the financing agreement to a third party and without making the necessary disclosures, then, upon Plaintiff's acceptance of this offer, delivering possession of the car to the plaintiff, only to take back possession of the Vehicle and resell it to another party. Barberino also failed to provide the plaintiff with an adverse action letter when it revoked the credit it had previously given.

2.  These acts violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"); the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat §42-110a *et seq.* ("CUTPA"); the Uniform Commercial Code, C.G.S. §§42a-9-609, 42a-9-611, 42a-9-612, 42a-9-613, 42a-9-614, and 42a-9-615

("UCC"); the Connecticut Retail Installment Sales Financing Act, C.G.S. §36a-785 *et seq.* ("RISFA"); and also constituted a fraudulent misrepresentation, negligent misrepresentation, theft, conversion, and breach of contract.

## II. PARTIES

3. Plaintiff is a consumer and natural person residing in East Hartford, Connecticut.

4. Defendant, Barberino, is a Connecticut corporation that operates a new and used automobile dealership in Wallingford, Connecticut.

## III. JURISDICTION

5. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over Barberino because it is a Connecticut corporation that regularly conducts business in this state.

7. Venue in this court is proper, because the plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

8. On or around September 27, 2008, Plaintiff visited Barberino to shop for a car. Plaintiff expressed interest in a 2006 Nissan Altima ("the Vehicle").

9. Plaintiff originally decided to visit Barberino because she had seen a Barberino advertisement offering easy financing with zero money down.

10. Barberino, through its salesman Steven Robert and other employees, prepared a Retail Purchase Order and a Retail Installment Sales Contract for the Vehicle for Plaintiff's review and acceptance. The Retail Installment Sales Contract described the terms of sale and financing as had been agreed to by the plaintiff and Barberino. The purchase price was $15,675,

the annual percentage rate of interest was 11.45%, and the Retail Installment Sales Contract called for 72 payments of $452.23, with the first payment due November 11, 2008. These terms were acceptable to Plaintiff, and Plaintiff accepted Barberino's offer by signing the Retail Purchase Order and the Retail Installment Sales Contract, and Barberino also signed the Retail Purchase Order and the Retail Installment Sales Contract.

11. The Retail Purchase Order and Retail Installment Sales Contract also included a service contract for $2,500, credit life and credit disability insurance premiums amounting to $2,624.70, and GAP coverage for $750.

12. The Retail Installment Sales Contract listed Plaintiff as the buyer and Barberino as the Creditor/Seller.

13. The Truth in Lending Disclosures on the Retail Installment Sales Contract were not marked as estimates.

14. After Plaintiff's acceptance of the Retail Installment Sales Contract, Barberino became the seller who extended credit to the plaintiff for the purchase of the Vehicle, with the intention of assigning the Retail Installment Sales Contract to Quantum Auto Group.

15. Under the express terms of the Retail Installment Sales Contract, the plaintiff provided full consideration required under the Retail Installment Sales Contract for the purchase of the Vehicle when she signed the Retail Installment Sales Contract and agreed to make the monthly payments to Barberino as recited in the Retail Installment Sales Contract.

16. Barberino signed and accepted the Retail Installment Sales Contract.

17. Plaintiff accepted delivery of the Vehicle on the same day.

18. Barberino also had the plaintiff sign two separate contingent return vehicle agreements; neither agreement cites as a condition of returning the Vehicle a failure of Barberino to secure an assignee.

19. Soon after she accepted delivery of the Vehicle, Plaintiff began receiving calls from Barberino representatives.

20. On or around October 28, 2008, Plaintiff received a call from a Barberino employee named Paul, who Plaintiff understood to be one of Barberino's managers; Paul told Plaintiff that she needed to bring the Vehicle back to Barberino by the end of the business day, and Plaintiff received a similar call from Jim Barberino.

21. Barberino repossessed and resold Plaintiff's Vehicle and never sent Plaintiff any notice regarding the reasons it revoked her credit and repossessed her Vehicle.

## V. COUNT ONE
## TRUTH IN LENDING ACT

22. Plaintiff incorporates Paragraphs 1-21.

23. Barberino violated TILA and Regulation Z by failing to make proper disclosures to the Plaintiff prior to the time that she became committed to the transaction.

24. Barberino is liable to Plaintiff for her actual damages pursuant to 15 U.S.C. § 1640(a)(1), plus statutory damages of $1,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3).

## VI. COUNT TWO
## EQUAL CREDIT OPPORTUNITY ACT

25. Plaintiff incorporates Paragraphs 1-21.

4

26. In revoking credit that had been previously granted as evidenced by the Retail Installment Sales Contract, and in demanding the Vehicle be returned and in taking Plaintiff's Vehicle without her consent, Barberino took adverse action against Plaintiff as defined in U.S.C. § 1691d(6) of the ECOA.

27. In violation of 15 U.S.C. § 1691d(1) and (2) of the ECOA, Barberino failed to provide Plaintiff with written notification as to the reasons for the adverse action and failed to provide her with written notification of (a) Plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such a statement may be obtained.

28. As a proximate result of Barberino's violations of the ECOA, Plaintiff suffered embarrassment, humiliation, mental distress and inconvenience, and she has been without reliable transportation.

29. The acts complained herein were done by Barberino intentionally, purposefully and/or in reckless disregard of the rights of the plaintiff.

30. Barberino is also liable to Plaintiff for statutory punitive damages in an amount not greater than $10,000 pursuant to 15 U.S.C. § 1691e(b).

31. Barberino is also liable to Plaintiff for reasonable attorney's fees and costs of this action pursuant to 15 U.S.C. § 1691e(d).

### VII. COUNT THREE
### UCC ARTICLE 9 VIOLATIONS

32. Plaintiff incorporates Paragraphs 1-21.

33. In taking Plaintiff's Vehicle when it had no legal right to do so, Barberino committed a repossession of her Vehicle in violation of C.G.S. § 42a-9-609.

34. In failing to provide proper notification to Plaintiff before disposing of the Vehicle, Barberino violated C.G.S. §§ 42a-9-611, 42a-9-612, and 42a-9-614.

35. In failing to provide notification of the application proceeds, Barberino violated C.G.S. § 42a-9-616.

36. Pursuant to C.G.S. § 42a-9-625, the defendant is liable to Plaintiff for an amount equal to the credit service charge of $9,192.48 plus ten percent of the principal amount of the amount financed as shown on the Retail Installment Sales Contract, which amount equals $2,336.80 (10% x $23,368.08) for a total amount of $11,529.28.

37. The actions of Barberino have cause Plaintiff damages in that she has lost the use and full value of the Vehicle, and has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Barberino's duly authorized employees.

### VIII. COUNT FOUR
### VIOLATION OF THE CONNECTICUT RETAIL
### INSTALLMENT SALES FINANCING ACT

38. Plaintiff incorporates Paragraphs 1-21.

39. Barberino failed to provide any pre-repossession notice to Plaintiff as described in C.G.S. § 36a-785(b) and subsequently failed to provide the post repossession notice to Plaintiff as required by C.G.S. § 36a-785(c) when no pre-repossession notice is sent.

40. Barberino failed to provide notice of sale of vehicle as required by C.G.S. § 36a-785(e).

41. The actions of Barberino have cause Plaintiff damages in that she has lost the use and full value of the Vehicle, and has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Barberino's duly authorized employees.

42. Furthermore, Barberino's violation of TILA constituted a violation of RISFA pursuant to Conn. Gen. Stat. § 36a-771(b).

43. As a result of Barberino's violations of RISFA, the plaintiff is entitled to a return of all of the money paid by the plaintiff under the contract, plus a court order that the contract is rescinded and that the plaintiff is not liable to Barberino under the Retail Installment Sales Contract.

### IX. COUNT FIVE
### BREACH OF CONTRACT

44. Plaintiff incorporates Paragraphs 1-21.

45. In taking Plaintiff's Vehicle, Barberino breached its contract with Plaintiff.

46. The breach of contract by Barberino has caused Plaintiff damages in that Plaintiff has lost the use and full value of the Vehicle and has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Barberino's duly authorized employees.

### X. COUNT SIX
### VIOLATION OF THE CONNECTICUT UNFAIR
### TRADE PRACTICES ACT

47. Plaintiff incorporates Paragraphs 1-21.

48. The actions of Barberino in representing to Plaintiff that she had been approved for financing on the purchase of the car, then offering financing with Barberino acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, upon Plaintiff's acceptance of this offer, delivering possession of the Vehicle to Plaintiff, and thereafter illegally repossessing the Vehicle when the third party refused to purchase Retail Installment Sales Contract from Barberino, constituted an

unfair trade practice in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a *et seq.*, in that these actions were immoral, unethical, oppressive or unscrupulous.

49. The actions of Barberino, acting through its duly authorized employees, in representing to Plaintiff that she had been approved for financing on the purchase of the Vehicle, then offering financing with Barberino acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, upon Plaintiff's acceptance of this offer, delivering possession of the Vehicle to Plaintiff, and thereafter illegally repossessing the Vehicle when the third party refused to purchase Retail Installment Sales Contract from Barberino, constituted an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a *et seq.*, in that the actions of Barberino's employees for which Barberino is liable offend public policy as it has been established by common law in that the actions of Barberino either:

    a. constituted fraudulent misrepresentation in that Barberino, by its duly authorized agent and employee, made a false representation as to the approval of Plaintiff's financing for the Vehicle, which representation was made as a statement of fact, though it was untrue and known to be untrue by Barberino's agent and employee who was acting within the scope of the employee's authority and employment when the employee made the representation, and it was made to induce Plaintiff to act upon it and the Plaintiff did act upon that false representation to Plaintiff's injury, or,

    b. constituted negligent misrepresentation in that the Barberino's duly authorized agent and employee, while acting within the scope of the employee's authority as agent and employee for Barberino, failed to exercise reasonable care or

competence in obtaining or communicating proper information regarding the approval of Plaintiff's financing and thereby supplied false information, and caused Plaintiff, by her justifiable reliance upon this information, to suffer pecuniary loss.

50. The actions of Barberino, acting through its duly authorized employees for whom it is liable, in representing to Plaintiff that she had been approved for financing on the purchase of the Vehicle, then offering financing with Barberino acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, upon Plaintiff's acceptance of this offer, delivering possession of the Vehicle to Plaintiff, and thereafter illegally repossessing the Vehicle when the third party refused to purchase Retail Installment Sales Contract from Barberino, constituted an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a *et seq.*, in that they cause substantial injury to consumers.

51. Barberino has also committed unfair trade practices by making deceptive and misleading statements in its advertising about its ability to obtain financing for individuals with poor credit, which advertisements had been seen by and relied upon by the Plaintiff.

52. The actions of Barberino, as described above, have caused Plaintiff damages in that she has lost the use and full value of the Vehicle.

53. Plaintiff has also suffered emotional distress, aggravation, and embarrassment because of Barberino's actions.

### XI. COUNT SEVEN
### NEGLIGENT MISREPRESENTATION

54. Plaintiff incorporates Paragraphs 1-21.

9

55. The actions of Barberino, acting through its duly authorized employees for whose actions it is liable, in representing to Plaintiff that she has been approved for financing on the purchase of the Vehicle, and then offering financing with Barberino acting as the creditor with no condition subsequent or precedent regarding Barberino being able to assign the financing agreement to a third party, then, upon Plaintiff's acceptance of this offer, delivering possession of the Vehicle to Plaintiff, and thereafter illegally repossessing the Vehicle when the third party refused to purchase the Retail Installment Sales Contract from Barberino, constituted a negligent misrepresentation in that the defendant's agents and employees, while acting within the scope of their authority as agents and employees for Barberino, failed to exercise reasonable care or competence in obtaining or communicating proper information regarding the financing of Plaintiff's Vehicle and thereby supplied false information for the guidance of Plaintiff in purchasing the Vehicle, and cause Plaintiff, by her justifiable reliance upon this information, to suffer pecuniary loss.

56. The actions of Barberino have caused Plaintiff damages in that she has lost the use and full value of the Vehicle and was without reliable transportation.

57. Plaintiff has suffered emotional distress, aggravation, and embarrassment because of the defendant's actions.

### XII. COUNT EIGHT
### FRAUDULENT MISREPRESENTATION

58. Plaintiff incorporates Paragraphs 1-21.

59. The actions of Barberino, acting through its duly authorized employees for whose actions it is liable, in representing to Plaintiff that she has been approved for financing on the purchase of the Vehicle, and then offering financing with Barberino acting as the creditor with no condition subsequent or precedent regarding Barberino being able to assign the financing

agreement to a third party, then, upon Plaintiff's acceptance of this offer, delivering possession of the Vehicle to Plaintiff, and thereafter illegally repossessing the Vehicle hen the third party refused to purchase the Retail Installment Sales Contract from Barberino, constituted a fraudulent misrepresentation in that Barberino, by its duly authorized agents and employees, made a false representation as to the financing approval of the Vehicle, which representation was made as a statement of fact, though it was untrue and known to be untrue by Barberino's agents and employees who were acting within the scope of its authority and employment when they made the representation, and they were made to induce Plaintiff to act upon them, and Plaintiff did act upon the false representations to Plaintiff's injury.

60.     The actions of Barberino have caused Plaintiff damages in that she has lost the use and fully value of the Vehicle.

61.     Plaintiff also suffered emotional distress, aggravation, and embarrassment because of Barberino's actions.

### XIII. COUNT NINE
### THEFT

62.     Plaintiff incorporates Paragraphs 1-21.

63.     In taking Plaintiff's Vehicle when it had no legal right to do so, Barberino wrongfully took Plaintiff's Vehicle from its owner with the intent to deprive her of her Vehicle.

64.     By Barberino's actions as described in the previous paragraph, Barberino violated C.G.S. § 52-564 which provides "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble damages."

65.     The actions of Barberino have caused Plaintiff damages in that she has lost the use and full value of the Vehicle and was without reliable transportation.

66.     Plaintiff also suffered emotional distress, aggravation, and embarrassment because of Barberino's actions.

### XIV. COUNT TEN
### CONVERSION

67.     Plaintiff incorporates Paragraphs 1-21.

68.     In taking Plaintiff's Vehicle when it had no legal right to do so, Barberino wrongfully took Plaintiff's Vehicle from its owner.

69.     By Barberino's actions as described in the previous paragraph, Barberino committed common law conversion.

70.     The actions of Barberino have caused Plaintiff damages in that she has lost the use and full value of the Vehicle and was without reliable transportation.

71.     Plaintiff also suffered emotional distress, aggravation, and embarrassment because of Barberino's actions.

**Wherefore, Plaintiff claims**, actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $1,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual money damages pursuant to 15 U.S.C. §1679g(a)(1), punitive damages pursuant to 15 U.S.C. §1679g(a)(2), reasonable attorney's fees and costs pursuant to 15 U.S.C. §1679g(a)(3); pursuant to C.G.S. §42a-9-625, Barberino is liable to the plaintiff for an amount equal to the credit service charge plus ten percent of the principal amount of the amount financed as shown on the Retail Installment Sales Contract, money damages, and a reasonable attorney's fees pursuant to C.G.S. § 42-150bb; actual damages and in no event less than one fourth of the sum of all payments which have been made under the contract, as provided in C.G.S. § 36a-785(i); statutory punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order from the Court ordering Barberino to cease and desist from engaging in unfair and deceptive trade practices; common law punitive damages against Barberino; treble damages pursuant to C.G.S. § 52-564; statutory damages and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1691; such other further relief to which Plaintiff is, at law, or in equity and by statute entitled to against Barberino.

PLAINTIFF, AMANDA HUMBLE

By: _____

Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457
dblinn@consumerlawgroup.com
mwgraeber@consumerlawgroup.com